**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Elizabeth McMullen,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SRA Associates, Inc.,<br><br>　　　　　　Defendant. | Civil Action No.: _____ |

**COMPLAINT**

For this Complaint, Plaintiff, Elizabeth McMullen, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendant transacts business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

**PARTIES**

5. The Plaintiff, Elizabeth McMullen ("Plaintiff"), is an adult individual residing in Washington, District of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, SRA Associates, Inc. ("SRA"), is a business entity with an address of 401 Minnetonka Road, Somerdale, New Jersey 08083. As its principal business, regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another. As such, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was a consumer credit sale or a direct installment loan as those terms are used by DCCPA § 28-3814(a) and defined by § 28-3802.

10. Subsequently, the Debt went into arrears.

11. Thereafter, the Debt was purchased, assigned or transferred to SRA for collection, or SRA was employed by the Creditor to collect the Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. SRA Engages in Harassing Debt Collection Tactics

13. On or about December 7, 2020, SRA contacted Plaintiff in an attempt to collect the Debt.

14. SRA asked to speak with Elizabeth McMullen and Plaintiff confirmed she was Elizabeth McMullen.

15. SRA then proceeded to ask Plaintiff for her address.

16. Plaintiff asked SRA if it was a debt collector.

17. SRA refused to state if was a debt collector until Plaintiff provided her address.

18. Plaintiff advised SRA that she did not feel comfortable providing her address to an unknown caller.

19. SRA failed to inform Plaintiff that the call was an attempt to collect a debt and that any information provided would be used for that purpose.

## C. Plaintiff Suffered Actual Damages

20. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

23. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4.    Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 22, 2020

Respectfully submitted,

By: \_\_/s/ Jody Burton_____
Jody B. Burton, Esq.
Lemberg Law, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs